Inhalls, J.
This proceeding is instituted under *102 subd. 7 of section 401 of the Code, which provides: “When any party intends to make or oppose amotion in any court of record, and it shall be necessary for him to have the affidavit of any person who shall have refused to make the same, such court may, by order, appoint a referee to take the affidavit or deposition of such person. Such person may be subpoenaed, and compelled to attend and make an affidavit before such referee, the same as before a referee to whom it is referred to try an issue.” ' The Code does not prescribe the form of the affidavit, and only in general terms indicates what it must contain to justify the granting of the order. It is obvious this provision of the Code was not intended to authorize an examination of a witness upon the general merits of a controversy. Ho notice is required to be given to the adverse party, and no cross-examination of the witness is contemplated. It was merely intended to enable a party to secure the affidavit or deposition of a witness upon some subject involved in, and necessary to, a motion in the action. The court is to exercise a discretion in regard to the propriety of granting such an order. The language of the Code is: “Such court may appoint a referee —that is, if the facts presented are such as establish the necessity or propriety of such order. Of this the court, not the party, is to judge.
The affidavit should specify, with reasonable certainty, the subject upon which the witness was requested to depose, and the facts claimed by the party to be within the knowledge of such witness, and bearing upon the merits of the motion desired to be made. This requisite would not only enable the court to determine the propriety of granting such order, but would furnish some guide to the examination. It is apparent that it was not intended to authorize an examination of a witness, by way of experiment, to ascertain what he might state in regard to the controversy, leaving the party to *103 his election whether or not to use the examination upon a motion, or in some manner and for some purpose upon" the trial of the action. The courts should see that the provision in question, which is valuable for the purpose intended, be not perverted so as to become an instrument of injustice and oppression to parties or witnesses. The affidavit in question merely states, upon this subject, that it will be necessary to have the affidavit of Nathan Dauchy for the purpose pf the motion,— not a fact is stated which the defendant supposed to be within the knowledge of said Dauchy,—and it will be observed that the opinion of the defendant, in regard to the necessity of Dauchy’s affidavit to be used upon the motion, does not purport to be based even upon the advice'of counsel.
It would be a safe and convenient practice for a party to prepare the required affidavit and submit it to the witness, and request him to verify the same; and in case of refusal, to make the'proposed affidavit a part of the papers upon which the order is applied for. Óf course such practice is not indispensable; but in this, or some other form, the court should be informed wherein the examination of the witness is material and necessary to the motion intended to be made.
The view, thus taken, I deem in harmony with the adjudications upon this subject (Erie R. R. v. Gould, 14 Abb. Ft. N. S., 279; H. R. R. R. Co. v. Hay, Id., 183; 4 Wait Pr., 588).
The objection to this motion, that the moving papers do not point out particularly the irregularity complained of, can not prevail, for the reason that the order is assailed upon the ground that the affidavit was insufficient to justify the granting- of said order, which is matter of substance, and aimed at the sufficiency of the entire proceeding, and not a technical irregularity. The order must be vacated ; but as *104 the practice in regard to such orders has not been uniform, no costs are allowed, but the defendant is at liberty to renew the application.